IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICK A. WHITE, SR., ) | |
| TDCJ #827179, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:19-CV-287-WKW |
| ) | [WO] |
| TELEVISION NEWS MEDIAS ) | |
| CARRIERS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Patrick A. White, Sr., an inmate in the custody of the Texas Department of Criminal Justice at the Allred Unit in Iowa Park, Texas. White seeks relief for constitutional violations allegedly perpetrated by various media organizations as well as Texas law enforcement, the Texas legislature, and the Texas state courts.

Upon review of the complaint, the court finds that this case should be transferred to the United States District Court for the Northern District of Texas under 28 U.S.C. § 1406.[1]

---

[1] Upon initiation of this civil action, White filed an application for leave to proceed *in forma pauperis*. Doc. 2. Under the circumstances of this case, however, the court concludes the assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Texas.

## II.  DISCUSSION

When, as here, a civil action is not premised solely on diversity jurisdiction, the "action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).  The law further provides that when a case is filed "laying venue in the wrong division or district" the court may, "if it be in the interest of justice, transfer such case to any district . . . where it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]").

Iowa Park, Texas, is located within the jurisdiction of the United States District Court for the Northern District of Texas.  Further, a review of the allegations made by White indicate a majority of the actions about which he complains occurred in the Northern District of Texas. Under these circumstances, the claims asserted by White are beyond the venue of this court.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties, this case should be transferred to the United States District

for the Northern District of Texas for review and disposition.[2]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Texas pursuant to the provisions of 28 U.S.C. § 1406(a).

It is

ORDERED that **on or before May 10, 2019,** Plaintiff may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 26th day of April 2019.

      /s/   Charles S. Coody
UNITED STATES MAGISTRATE JUDGE

---

[2] In recommending this case for transfer, the court makes no determination regarding the merits of the complaint.